Matter of Noemi E. R. v Vinod S. P. (2021 NY Slip Op 01015)





Matter of Noemi E. R. v Vinod S. P.


2021 NY Slip Op 01015


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Docket No. V-22639/17 V-25176/17 Appeal No. 13137 Case No. 2019-04004 

[*1]In the Matter of Noemi E. R., Petitioner-Respondent,
v
Vinod S. P., Respondent-Appellant,


The Ramcharitar Law Firm, P.C., Wantagh (Maxwell Glass of counsel), for appellant.
William Whalen, DC37 Municipal Employees Legal Services, New York (Joan A. Foy of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about June 10, 2019, which, after a hearing, denied respondent father's application, made by order to show cause, to modify the parties' January 31, 2018 temporary order by written stipulation so as to obtain an additional day per week of parenting time with the subject child Zemirah P., unanimously affirmed, without costs.
In the interests of deciding cases on the merits, we decline to dismiss the appeal despite the father's failure to include the March 14, 2019 hearing transcript in the record, and instead deem the record supplemented with the transcript, which was annexed as an appendix to petitioner mother's brief. For the same reason, we further decline to dismiss on grounds that the father failed to first seek leave to appeal the temporary order at issue from this Court (see Family Ct Act § 1112[a]), and deem his notice of appeal an application for leave to appeal, which we grant (see id.; see also Matter of Kahlisha K.J. v Eddie R., 167 AD3d 439 [1st Dept 2018]).
The attorney for the child (AFC) reasonably argues the appeal would appear to be academic given the parties' subsequent parenting time stipulations; however, the father's arguments to this Court primarily arise from the conduct of the hearing on his order to show cause, which issues are not rendered academic by the parties' subsequent agreements.
The father's core argument on appeal is unavailing, as he does not show that Family Court deprived him of the right to cross-examine the mother. He cites exchanges from the hearing transcript where he states he would like to do so and Family Court assures him that he will be able to, at the appropriate time, but he failed to raise the issue at that time. On February 27, 2019, although no substantive proceedings took place, there was discussion with the court about scheduling, and the court repeatedly stated that the next appearance, to conclude proceedings on the order to show cause, would be only 30 minutes long. The father did not remind the court of his desire to cross-examine the mother. On March 14, 2019, when the father appeared with counsel, the court stated the hearing had concluded, the father's counsel did not ask to reopen the hearing in order to cross-examine the mother or to present additional evidence. Accordingly, the record does not show the father was denied an opportunity to cross-examine the mother, or denied due process.
The father's claim that the court rendered a decision on an incomplete record is conclusory; beyond speculation as to how he might have unearthed inconsistencies in the mother's testimony on cross-examination, he does not show what more the court needed before issuing the order.
The father's arguments concerning the court's alleged unfair bias against him are also unavailing. The record reflects that the statements of the court were an attempt to ensure that a litigant appearing pro se at times understood the proceedings [*2]that order was kept in the courtroom and that any documentary evidence presented was admissible. The courts ordering of a mental health evaluation for the father was based on his pattern of motions targeted against the mother, and therefore a concern by the court that any diagnosed mental health issues could affect his care of the child.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021